LEON N. DIBBLE, EXECUTOR, ESTATE OF LOUIS N. DIBBLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2528.        Promulgated April 6, 1927.

Value of real estate junior mortgages determined.

*John F. Malley, Esq.*, for the petitioner.
*R. E. Copes, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in estate tax in the amount of $597.32. There is only one assignment of error, which complains of the action of the Commissioner in adjusting the value of a number of second and third mortgage securities held by petitioner as executor.

### FINDINGS OF FACT.

The petitioner resides in Springfield, Mass., and is the executor of the estate of Louis N. Dibble, who died June 23, 1923.

On the return filed by the petitioner the net value of the estate was fixed at $149,315.24. The Commissioner readjusted that value fixing same at $169,454.22. The increase in net value was brought about by reason of the action of the Commissioner in increasing the value assigned to a number of second and third mortgage securities.

The character of the several securities, amount of prior mortgage debt, the market value of securities held by petitioner as returned by him, and the market value as adjusted by the Commissioner are shown in the following tabulated statement:

| Character of security. | | Value returned. | Value readjusted. |
|---|---|---|---|
| Second mortgage note, original face value | $2,900 | | |
| Unpaid balance | 2,450 | $1,837.50 | $2,450.00 |
| Payable $50 quarterly subject to a $3,800 mortgage. | | | |
| Second mortgage note, original face value | 2,700 | | |
| Unpaid balance | 2,400 | 1,920.00 | 2,400.00 |
| Payable $75 quarterly for 3 years then $100 quarterly, subject to a $4,500 mortgage. | | | |
| Second mortgage note, original face value | 3,350 | | |
| Unpaid balance | 3,350 | 3,182.50 | 3,350.00 |
| Payable Sept. 29, 1923, subject to a $5,500 mortgage. | | | |
| Second mortgage note, original face value | 19,500 | | |
| Unpaid balance | 18,750 | 14,062.50 | 18,750.00 |
| Payable $250 quarterly for 10 years, balance then on demand, subject to a $28,000 mortgage. | | | |
| Second mortgage note, original face value | 1,000 | | |
| Unpaid balance | 600 | 492.00 | 600.00 |
| Payable $25 quarterly subject to $3,300 mortgage. | | | |
| Second mortgage note, original face value | 1,500 | | |
| Unpaid balance | 1,500 | 1,410.00 | 1,500.00 |
| Payable May 31, 1924, subject to a $3,500 mortgage. | | | |
| Second mortgage note, original face value | 4,000 | | |
| Unpaid balance | 3,550 | 2,662.50 | 3,550.00 |
| Payable $50 quarterly for 10 years, balance on demand, subject to a $4,500 mortgage. | | | |
| A one-half interest in second mortgage note, original face value | 45,000 | | |
| Unpaid balance | 40,600 | 14,210.00 | 20,300.00 |
| (½ 20,300) | | | |
| Payable $400 quarterly for 5 years, $500 quarterly thereafter subject to a $70,000 mortgage. | | | |
| Second mortgage note, original face value | 3,000 | | |
| Unpaid balance | 2,850 | 2,622.00 | 2,850.00 |
| Payable $75 quarterly till December, 1925, balance on demand, subject to a $4,000 mortgage. | | | |

| Character of security. | | Value returned. | Value readjusted. |
|---|---|---|---|
| Second mortgage note, original face value | $4, 000 | | |
| Unpaid balance | 1, 500 | $1, 425. 00 | $1, 500. 00 |
| Payable $100 quarterly till July, 1924, balance on demand, subject to a $6,500 mortgage. | | | |
| Second mortgage note, original face value | 12, 000 | | |
| Unpaid balance | 9, 900 | · 8, 118. 00 | 9, 900. 00 |
| Payable $300 quarterly for 10 years, balance on demand, subject to a $20,000 mortgage. | | | |
| Second mortgage note, original face value | 3, 100 | | |
| Unpaid balance | 1, 950 | 1, 716. 00 | 1, 950. 00 |
| Payable $250 semi-annually, subject to a $3,500 mortgage. | | | |
| Second mortgage note, original face value | 2, 300 | | |
| Unpaid balance | 725 | 681. 50 | 725. 00 |
| Payable $75 quarterly, subject to a $5,000 mortgage. | | | |
| Second mortgage note, original face value | 2, 850 | | |
| Unpaid balance | 1, 850 | 1, 757. 50 | 1, 850. 00 |
| Payable $125 quarterly until April, 1924, balance on demand, subject to a $4,600 mortgage. | | | |
| Second mortgage note, original face value | 800 | | |
| Unpaid balance | 800 | 760. 00 | 800. 00 |
| Payable $150 semi-annually subject to a $5,500 mortgage. | | | |
| Second mortgage note, original face value | 11, 000 | | |
| Unpaid balance | 6, 875 | 4, 812. 50 | 6, 875. 00 |
| Payable $125 quarterly, subject to a $25,000 mortgage. | | | |
| Second mortgage note, original face value | 1, 200 | | |
| Unpaid balance | 1, 200 | 1, 080. 00 | 1, 200. 00 |
| Subject to a $3,200 mortgage. The $3,200 mortgage was foreclosed in 1924 for nonpayment of interest. | | | |
| Second mortgage note, original face value | 1, 000 | | |
| Unpaid balance | 1, 000 | 850. 00 | 1, 000. 00 |
| Payable $50 quarterly subject to a $2,500 mortgage. | | | |
| Second mortgage note, original face value | 3, 500 | | |
| Unpaid balance | 3, 500 | 3, 290. 00 | 3, 500. 00 |
| Payable April 10, 1924, subject to a $6,000 mortgage. | | | |
| Third mortgage note, original face value | 3, 500 | | |
| Unpaid balance | 3, 500 | 3, 150. 00 | 3, 500. 00 |
| Payable October 30, 1923, subject to first and second mortgages totaling $19,450. | | | |
| Third mortgage note, original face value | 1, 000 | | |
| Unpaid balance | 825 | 783. 75 | 825. 00 |
| Payable $25 quarterly until July 1924, balance on demand, subject to first and second mortgages, totaling $7,200. | | | |
| Third mortgage note, original face value | 380 | | |
| Unpaid balance | 230 | 207. 00 | 230. 00 |
| Payable $25 semi-annually subject to first and second mortgages, totaling $3,525. | | | |

The market value of the securities listed above on date of death of Louis N. Dibble were as valued by the petitioner in his return, being in the total amount of $71,069.75. The average discount used by him on the mortgages in question was approximately 21½ per cent. These mortgages ran from one to ten years.

### OPINION.

LOVE: The sole question at issue in the instant case is the value of the second and third mortgages held by the executor, the total balance due on which at date of death of Louis N. Dibble, was $90,605 and which were valued by petitioner in his return at $71,069.75. The Commissioner readjusted the value as shown in the return, to the face value of the balance due.

Edward J. Murphy was appointed by the probate court to appraise the property constituting the estate of Louis N. Dibble. He made such appraisal and made his report to the court, and the same was approved. Murphy has been in the real estate business in Springfield, Mass., where the property in question is located, for thirty-four years, and has bought and sold real estate mortgages, first mortgages, second mortgages, and a few third mortgages. At the time he made the appraisal of the Dibble estate, he was acquainted with the properties involved in the mortgages. As a witness in this case he was shown a certified copy of his report of that appraisal, which he identified, and he testified that the values therein given by him in that report were, in his judgment, the correct market values of the several items therein listed.

In making his return, as executor, the petitioner used the values shown opposite each of the several mortgages involved in Murphy's report, and as shown in the foregoing tabulated statement.

There are several factors that enter into the appraisal of second real estate mortgages, the amount of the first mortgage as compared with the value of the property mortgaged, the personal responsibility of the payer, and the time the mortgaged debt has to run.

Murphy qualified as a competent witness on the question of the value of the mortgages here involved, and stating the factors considered and used by him in arriving at his values, so recorded them. The petitioner used the values fixed by Murphy, which we are convinced are correct, and so decide.

*Judgment will be entered on 15 days' notice, under Rule 50.*